~~SEALED~~    s/ rmc

**FILED**

Sep 15 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            s/ RC            DEPUTY

ORDERED UNSEALED on **09/20/2023   s/ rmc**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

February 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADRIANA ISABEL CAMBEROS (1),<br> aka "Adriana Shayota,"<br>ANDRES ENRIQUE CAMBEROS (2),<br><br>Defendants. | Case No. '23 CR1916 LAB<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 1349 –<br>Conspiracy to Commit Wire and Mail<br>Fraud; Title 18, U.S.C., Sec. 1343 –<br>Wire Fraud; Title 18, U.S.C.,<br>Sec. 1341 – Mail Fraud; Title 18,<br>U.S.C., Sec. 2 – Aiding and<br>Abetting; Title 18, U.S.C.,<br>Sec. 981(a)(1)(C), and Title 28,<br>U.S.C., Sec. 2461(c) – Criminal<br>Forfeiture |

The Grand Jury charges:

## INTRODUCTORY ALLEGATIONS

At all times material to this Indictment:

1.   Defendant ADRIANA ISABEL CAMBEROS, aka "Adriana Shayota," was a resident of El Cajon, California.

2.   Defendant ANDRES ENRIQUE CAMBEROS was a resident of Chula Vista, California.

3.   Tradeway International, Inc., d/b/a Baja Exporting was owned and controlled by defendant ADRIANA ISABEL CAMBEROS, aka "Adriana Shayota and was located at 7625 Britannia Park Place, San Diego, CA 92154. Baja Exporting claimed to be an exporter of grocery items and general goods to Baja California, Mexico, which was a special free trade zone that did not require Spanish language labeling.

JCM:nlv(1):San Diego:9/15/23

4.    Specialty Foods International, Inc. (SFI) was owned and controlled by defendant ANDRES ENRIQUE CAMBEROS and was located at 7625 Britannia Park Place, San Diego, CA 92154 and registered at 2934 Babbling Brook Rd, Chula Vista, CA 91914. SFI claimed to be a regional distributor of grocery, beverage, snacks, personal care, and household and general goods to Baja California, which was a special free trade zone that does not require Spanish language labeling. SFI claimed to sell to supermarkets, specialty stores, convenience stores, and other retail locations in Baja California, Mexico. SFI requested steep discounts from U.S. manufacturers for SFI to handle exporting, sales, distribution, and marketing, and so the retail prices could be adjusted for affordability in Baja California, Mexico.

5.    Baja Foodservice S.R.L de C.V. was owned and controlled by defendant ANDRES ENRIQUE CAMBEROS (95% stake) and was located at Calle Uno Oriente #115, Cd. Industrial Otay, Tijuana, Baja California, Mexico 22444. Like Baja Exporting and Specialty Foods International, Baja Foodservice claimed to be a regional distributor in Baja California, Mexico. Defendant ANDRES ENRIQUE CAMBEROS approached potential vendors as the "Director de compras" (i.e, Director of Purchasing) for both SFI and Baja Foodservice.

6.    Product Diversion occurred when a distribution company purchased goods from a manufacturer, under the agreement that the goods would be sold to a particular region or demographic, but the distribution company, without the manufacturer's knowledge or consent, diverted the product to a different region or demographic to make a larger profit.

//

//

//

## Count 1

### WIRE AND MAIL FRAUD CONSPIRACY

### 18 U.S.C. § 1349

7.    The allegations set forth in paragraphs 1 through 6 are realleged and incorporated by reference as if fully set forth herein.

8.    Beginning at a time unknown and known to the Grand Jury, and continuing up to and including the date of this indictment, within the Southern District of California, and elsewhere, defendants ADRIANA ISABEL CAMBEROS, aka "Adriana Shayota," and ANDRES ENRIQUE CAMBEROS (collectively, "the defendants"), and others known and unknown to the Grand Jury did knowingly and intentionally conspire with each other and others known and unknown to the Grand Jury, to commit wire and mail fraud, that is, to knowingly devise a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by intentional concealment and omission of material facts, and in executing said scheme, caused writings, signs, signals, and sounds to be transmitted by means of wire in interstate commerce, and did knowingly cause to be delivered by the United States Postal Service and by a private and commercial interstate carrier certain mail matter; in violation of Title 18, United States Code, Sections 1341 and 1343.

### PURPOSE OF THE CONSPIRACY

9.    It was the purpose of the conspiracy for the defendants and their co-conspirators to unduly enrich themselves by purchasing consumer goods at deeply discounted prices from the manufacturers of the goods (the "Victim Companies") by falsely and fraudulently informing the manufacturers that the consumer goods were for distribution and use outside of the United States, when, in fact, the defendants intended to,

and did, sell the consumer goods at a substantial profit and for their own enrichment to wholesalers, distributors, and others in the United States.

### MANNER AND MEANS OF THE CONSPIRACY

10.  The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

11.  Defendants ADRIANA ISABEL CAMBEROS, aka "Adriana Shayota," and ANDRES ENRIQUE CAMBEROS entered into distribution agreements with Victim Companies and made false and fraudulent representations to the Victim Companies, including representations that they sought to purchase the Victim Companies' consumer goods exclusively for distribution and use abroad, specifically, in Mexico.

12.  In reliance on the representations by defendants ADRIANA ISABEL CAMBEROS, aka "Adriana Shayota," and ANDRES ENRIQUE CAMBEROS that the goods would be distributed in Mexico, the Victim Companies sold the consumer goods to the defendants at deeply discounted prices.

13.  Defendants ADRIANA ISABEL CAMBEROS, aka "Adriana Shayota," and ANDRES ENRIQUE CAMBEROS, and other co-conspirators, arranged for the diversion of the consumer goods purchased from the Victim Companies, using companies they controlled, namely Baja Exporting, SFI, and Baja Foodservice. Specifically, the defendants caused Baja Foodservice to buy from local, regional and global brands, then used Specialty Foods International and Baja Exporting to sell the product to U.S.-based distributors for distribution in the United States market.

14.  For example, defendants caused Baja Exporting to claim to be an exporter of grocery items and general goods to Baja California, Mexico. Instead, the defendants caused Baja Exporting to sell product

4

obtained by Specialty Foods International, Inc. and Baja Foodservice, to United States based distributors.

15.   Similarly, the defendants caused SFI to claim to sell to supermarkets, specialty stores, convenience stores, and other retail locations in Baja California, Mexico, and requested steep discounts from US manufacturers for SFI to handle exporting, sales, distribution, and marketing, and so the retail prices could be adjusted for affordability in Baja California, Mexico. In reality, the defendants caused SFI to sell its acquired products to other large U.S.-based distribution companies for a profit. While SFI both purchased and sold product as SFI, SFI also sent wire transfers to Baja Exporting and Baja Foodservice to fund product purchases and sold product purchased by Baja Foodservice to U.S.-based distribution companies.

16.   The defendants used Baja Foodservice as the main purchaser of products as the Mexico address lent legitimacy to their claim to be an international distributor.

17.   Baja Exporting and Specialty Foods International sent revenue from their product sales to U.S.-based distributors to Baja Foodservices' Mexico-based bank account to fund the purchases.

18.   The defendants used email addresses and DBAs from multiple entities to deceive the Victim Companies as to what entity they were dealing with.

19.   The defendants changed the pickup location to mislead Victim Companies that the goods were going to Mexico. The defendants refused to sign "non-divert" agreements or provide documentation that Victim Companies products were imported and sold in Mexico, changed the labeling from Spanish back to English, and took requests from United States retailers about products they wanted the defendants to source for them.

20. The defendants and their coconspirators effectuated their fraudulent scheme through the use of interstate and foreign wires, specifically through interstate and foreign wire transfers and e-mail communications.

21. The defendants and their coconspirators further effectuated their fraudulent scheme through the use of the United States Postal Service and by private and commercial interstate carriers.

All in violation of Title 18, United States Code, Section 1349.

<u>Counts 2-9 – Wire Fraud</u>

<u>(18 U.S.C. §§ 1343 & 2)</u>

22. The allegations set forth in paragraphs 1 through 21 are realleged as if fully set forth herein.

23. Beginning on a date unknown to the Grand Jury and continuing until at least the date of this indictment, within the Southern District of California, and elsewhere, defendants ADRIANA ISABEL CAMBEROS, aka "Adriana Shayota," and ANDRES ENRIQUE CAMBEROS did knowingly, with the intent to defraud, devise a material scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and intentional concealment and omission of material facts.

<u>THE SCHEME TO DEFRAUD</u>

24. The scheme and artifice to defraud is more fully described in paragraphs 9 through 19 above.

<u>WIRES IN EXECUTION OF THE SCHEME</u>

25. On or about the dates listed below, within the Southern District of California, and elsewhere, defendants ADRIANA ISABEL CAMBEROS, aka "Adriana Shayota," and ANDRES ENRIQUE CAMBEROS, for the purpose of executing and attempting to execute the above-described

6

scheme, knowingly caused to be transmitted by means of wire and radio communications in interstate commerce certain writings, signs, signals, pictures, and sounds, to wit:

| Count | Approximate Date | Wire |
|-------|------------------|------|
| 2 | March 2, 2021 | $92,627 wire transmission from Baja Foodservice Mexico-based bank account to Company 3 |
| 3 | April 1, 2021 | $48,475 wire transmission from Company 4 to Baja Exporting Wells Fargo account x8864 |
| 4 | April 21, 2021 | $187,781 wire transmission from SFI Bank of America account x3688 to Company 5, Inc. |
| 5 | April 26, 2021 | $29,661 wire transmission from Baja Exporting Wells Fargo account x8864 to Company 6 |
| 6 | April 28, 2021 | $11,680 wire transmission from Baja Foodservice Mexico-based bank account to Company 2 |
| 7 | May 6, 2021 | $308,407 wire transmission from Company 4 to SFI Wells Fargo account x7593 |
| 8 | December 30, 2021 | $313,673 wire transmission from Company 4 to SFI Bank of America account x3688 |
| 9 | January 4, 2022 | $25,792 wire transmission from Baja Foodservice Mexico-based bank account to Company 1 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

<u>Counts 10-11 - Mail Fraud</u>

<u>(18 U.S.C. §§ 1341 & 2)</u>

26. The allegations set forth in paragraphs 1 through 19 of the Introductory Allegations are realleged as if fully set forth herein.

27. Beginning on a date unknown to the Grand Jury and continuing until to the date of the indictment, within the Southern District of California, and elsewhere, defendants ADRIANA ISABEL CAMBEROS, aka "Adriana Shayota," and ANDRES ENRIQUE CAMBEROS did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of material by

7

false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice and attempting to do so, did knowingly cause to be delivered by the United States Postal Service and by a private and commercial interstate carrier certain mail matter, according to the directions thereon.

## THE SCHEME TO DEFRAUD

28. The scheme and artifice to defraud is more fully described in paragraphs 9 through 19 above.

## MAILINGS IN EXECUTION OF THE SCHEME

29. On or about the dates listed below, within the Southern District of California, and elsewhere, defendants ADRIANA ISABEL CAMBEROS, aka "Adriana Shayota," and ANDRES ENRIQUE CAMBEROS, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered by the United States Postal Service and by a private and commercial interstate carrier, to wit:

| Count | Approximate Date of Mailing | Description of Item Mailed |
|---|---|---|
| 10 | May 18, 2021 | $166,268 check from Company 7 in Jacksonville, Florida by USPS to Specialty Foods International |
| 11 | March 30, 2021 | $187,142 check from Company 7 in Jacksonville, Florida by USPS to Specialty Foods International |

All in violation of Title 18, United States Code, Sections 1341 and 2.

//

//

8

FORFEITURE ALLEGATIONS

30.   The allegations contained in this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

31.   Upon conviction of the one and more of the offenses set forth in Counts 1 through 11, Defendants ADRIANA ISABEL CAMBEROS and ANDRES ENRIQUE CAMBEROS shall forfeit to the United States any property, real and personal, constituting and derived from proceeds traceable to such offense.   The properties to be forfeited include, but are not limited to:

a. All monies, funds and credits found in and attributable to JPMorgan Chase Bank account number 833583203 in the name Specialty Foods International Inc (DBA Coastal Grocers/ DBA Promix Co/ DBA Prison Food Depot);

b. All monies, funds and credits found in and attributable to Wells Fargo Bank account number 7782318864 in the name Tradeway Int'l, Inc. (DBA Baja Exporting);

c. All monies, funds and credits found in and attributable to San Diego County Credit Union account number 5789502-90 in the name Andres E Camberos;

d. All monies, funds and credits found in and attributable to Wells Fargo Bank account number 3928698509 in the name Adriana I Camberos and Ashley J Oghassabian;

e. All monies, funds and credits found in and attributable to Wells Fargo account number 6247992032 in the name Adriana I Camberos and Ashley J Oghassabian;

9

f. All monies, funds and credits found in and attributable to Home Bank of California account number 01900013420;

g. the real property located at 7625 Britannia Park Place, San Diego, CA 92154. Legal description: LOT 8 OF BRITANNIA INDUSTRIAL PARK, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 15466, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, NOVEMBER 2, 2006 (APN: 646-300-08-00);

h. the real property located at 1015 Rachelle Way, El Cajon, CA 92019. Legal description:

  a. Parcel 1:

    i. All that portion of Lots 7 and 8 of Shadow Park Unit No. 2, in the City of El Cajon, County of San Diego, State of California, according to Map thereof No. 13415, filed in the Office of the County Recorder of San Diego County, April 22, 1997, described as follows:

    ii. Beginning at a point in the Northwesterly line of said Lot 7 distant thereon South 31°36'19" West, 71.93 feet from the most Northerly corner thereof said point being the True Point of Beginning, thence South 24°32'00" East, 282.08 feet to a point in a line which is parallel with the 20.00 feet Northwesterly of the Southeasterly line of said Lot 8, thence South 80°51'31 "West along said parallel line 183.03 feet to a point in the Southwesterly line of said Lot 8, thence South 50°26'00" East along said Southwesterly line 26.62 feet to the most

10

Southerly line of said Lot 8, thence North 80°51'31"East along the Southerly line of said Lot 8,257.11 feet, thence North 23°09'28" East along the Easterly line of said Lot 8, 237.27 feet to the most Easterly corner thereof, thence North 68°30' 17" West along the Northerly line of said Lot 8 and Lot 7,286.31 feet to the Northwesterly corner of said Lot 7, thence South 31°36'19" West along the Northwesterly line of said Lot 71.93 to the True Point of Beginning.

b. Parcel 2:

i. An easement for ingress and egress over that portion of Lot 8 of Shadow Mountain Unit No. 2, in the City of El Cajon, County of San Diego, State of California, according to Map thereof No. 13415, filed in the Office of the County Recorder of San Diego County, April 22, 1997, described as follows:

ii. Commencing at a point in the Northwesterly line of Lot 7 of said Map No. 13415 distant thereon South 31 °36'19" West, 71.99 feet from the most Northerly corner thereof; thence South 24°32'00" East, 271.71 feet to a point in a line which is parallel with and 30.00 feet Northwesterly of the Southeasterly line of said Lot 8; said point being the True Point of Beginning; thence South 80°51'31" West along said parallel line 189.06 feet to a point in the Southwesterly line of said Lot 8; thence South 50°26'00" East along said Southwesterly line of said

11

Lot 8, 39.93 feet to the most Southerly corner of said Lot 8; thence North 80°51 '31" East along the Southeasterly line of said Lot 8,170.97 feet to a point which bears South 24°32'00"East from the True Point of Beginning; thence North 24°32'00" West, 31.11 feet to the True Point of Beginning.

    iii. Excepting therefrom that portion included in Parcel 1 above (APN: 508-301-11-00);

i. the real property at 1830 Avenida Del Mundo #1701, Coronado, CA 92118. Legal description:

    a. A condominium comprised of:

      i. Parcel I:

        1. A fee simple interest in that portion of Parcel D, Parcel Map No. 1262, in the City of Coronado, County of San Diego, State of California, recorded in the office of the County Recorder of said County on January 31, 1973 as File No. 1973-027793, shown and defined as Unit 1701 in those certain plans recorded on May 7, 1973, in the office of the County Recorder of said County as File No. 1973-121745, hereinafter referred to as the "Condominium Plan"

      ii. Parcel II:

        1. An undivided 1.4/255 interest in Parcel D, Parcel Map No. 1262, in the City of Coronado, in the County of San Diego, State of California, recorded on January 31, 1973,

12

recorder's File No. 73-027793, in the office of County Recorder of San Diego County, excepting therefrom the 195 units as shown on the Condominium Plan.

    iii. Parcel III:

        1. An exclusive appurtenant easement for residential use and purposes in and to the balcony directly adjacent to the above described unit which shall be deemed to be a part of the "Restricted Common Areas and Facilities", shown as B 1701 on the Condominium Plan.

    iv. Parcel IV:

        1. The right to use and occupy, at all times, the automobile parking space located within the building in which the above described unit is located, described and designated on the condominium plan as Parking Space No. L28, which shall be deemed to be a part of the "Restricted Common Areas and Facilities" (APN: 537-690-23-14);

j. the real property located at 2934 Babbling Brook Road, Chula Vista, CA 91914. Legal description:

  a. Parcel 1:

    i. Lot 65 of Chute Vista Tract No. 92-02A Rolling Hills Ranch Subarea III Neighborhood 9B, in the City of Chula Vista, County of San Diego, State of California, according to Map thereof No. 14868,

13

filed in the office of the county recorder of San Diego County, September 2, 2004.

b. Parcel 2:

    i. A non-exclusive easement, in common with other owners, for access, ingress and egress, over, in, to, and through the association property, if any described in the master declaration, subject to the limitations set forth therein, which easement is appurtenant to the residential Lot described above.

c. Parcel 3:

    i. A non-exclusive appurtenant easement to drain through the drainage system, as defined in the drainage declaration, in the actual location of the drainage system as installed, the approximate location of which is depicted in the drainage Declaration of Covenants, Conditions and Restrictions recorded November 17, 2004 as ~~Instrument No. 2004-1090968, of Official Records~~ (APN: 595-845-21-00);

k. the real property located at 860 Agate Street, San Diego CA 92109. Legal description:

a. A Condominium Comprised of:

    i. Parcel A:

        1. A separate interest, as defined in Civil Code Section 1351 (l)(2) consisting of (1) Unit U-1, as shown on that certain Condominium Plan ("Plan") recorded in the office of County recorder of San Diego County, California on

14

July 18, 2013 as Document No. 2013-0448959 of official records; and (2) an undivided one-half (1/2) fractional interest as tenant-in-common in and to the "Common Area" as Described in the pun, which Condominium is located within the boundaries of That certain real property described as: Parcel 1 of Parcel Map No. 21055, in the City of San Diego, County of San Diego, State of California, filed in the office Of the county recorder on June 26, 2013 as Document No. 2013-0402050 of official Records.

2. Excepting therefrom a non-exclusive easement shown on the pun as "Access Easement No. 1" for purposes of ingress, egress and access by the owners of Unit U-2, their agents, tenants, Contractors and invitees and as more fully Described and defined in the Declaration described hereafter.

ii. Parcel B:

1. The exclusive right to the use and possession of those portions of the "common Area" referred to as "exclusive use common area, " as both terms are defined in The " Declaration" described hereinafter and in the pun, all of which shall be Appurtenant to parcel a described above.

iii. Parcel C:

15

1. A nonexclusive access easement for the purposes of access, ingress and egress as more fully described in the referenced condominium pun and the Declaration of covenants, conditions and restrictions ("Declaration") Herein (APN: 415-161-16-01);

l. the real property located at 131 Woodlawn Avenue, Chula Vista, CA 91910. Legal description: Lot 8 in Block 4 of Shenandoah Tract, in the City of Chula Vista, County of San Diego, State of California, according to Map thereof No. 1831, filed in the office of the County Recorder of San Diego County, April 10, 1925 (APN: 565-151-08-00);

m. one Ferrari F12, vehicle identification number ZFF74UFA7E0198403, California license plate 7HLN653;

n. one Land Rover Range Rover, vehicle identification number SALGV5RE7KA524750, California license plate 8NAY462;

o. one Land Rover Range Rover, vehicle identification number SALGW2SE7KA519912, California license plate P783U0;

p. one Land Rover Range Rover, vehicle identification number SALGS2REXKA533319, California license plate R648S0;

q. Coinbase account associated with USER ID 5a343bb0951c4105aa13f081 in the name Andres E Camberos;

r. my529 account number 202223442 with account owner Adriana Camberos;

s. my529 account number 202223444 with account owner Adriana Camberos;

t. Allianz Life Insurance Company of North America policy number 60078244 with the insured of Adriana Camberos;

16

1    u. Massachusetts Mutual Life Insurance Co policy number 22231170

2    with the insured of Adriana Camberos.

3    32. Pursuant to Title 28, United States Code, Section 2461(c)

4  which incorporates the provisions of Title 21, United States Code,

5  Section 853(p), Defendants ADRIANA ISABEL CAMBEROS and ANDRES ENRIQUE

6  CAMBEROS shall forfeit substitute property, if, as a result of any act

7  or omission of the Defendant, the property described above, or any

8  portion thereof, cannot be located upon the exercise of due diligence;

9  has been transferred, sold to, or deposited with a third party; has been

10 placed beyond the jurisdiction of this court; has been substantially

11 diminished in value; or has been commingled with other property which

12 cannot be divided without difficulty.

13    33. All pursuant to Title 18, United States Code, Section

14 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

15    DATED: September 15, 2023.

16                                          A TRUE BILL:

17

18

19  ANDREW R. HADEN
    Acting United States Attorney
20

21  By:

22  JOSHUA C. MELLOR
    Assistant U.S. Attorney
23

24

25

26

27

28

                              17