Daniel Z. Goldman, State Bar No. 342368
**BIENERT KATZMAN**
**LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701
Email: dgoldman@bklwlaw.com

*Attorneys for Defendant Andres Enrique Camberos*

Joseph M. McMullen, State Bar No. 246757
**Law Offices of Joseph M. McMullen**
501 W. Broadway, Suite 1510
San Diego, California 92101
Telephone (619) 501-2000
Facsimile (619) 615-2264
Email: joe@jmm-legal.com

*Attorney for Defendant Adriana Isabel Camberos*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADRIANA ISABEL CAMBEROS (1), and<br>ANDRES ENRIQUE CAMBEROS (2),<br><br>Defendants. | Case No. 3:23-CR-001916-LAB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS:**<br>  1) **TO COMPEL DISCOVERY;**<br>  2) **TO PRESERVE EVIDENCE; AND**<br>  3) **FOR LEAVE TO FILE ADDITIONAL MOTIONS**<br><br>Judge:  Hon. Larry A. Burns<br>Date:   October 23, 2023<br>Time:  2:00 p.m. |

**TABLE OF CONTENTS**

I. PROCEDURAL AND FACTUAL BACKGROUND ................................................. 1

II. MOTION TO COMPEL DISCOVERY ................................................................... 1

    A. Defendants' Statements ................................................................... 2

    B. Arrest Reports, Notes, and Dispatch Tapes ..................................... 2

    C. Brady Material .................................................................................. 3

    D. Defendants' Prior Record ................................................................. 3

    E. Any Proposed 404(b) and 609 Evidence ......................................... 3

    F. Evidence Seized ............................................................................... 4

    G. Reports of Scientific Tests or Examinations ................................... 4

    H. Tangible Objects ............................................................................... 4

    I. Expert Witnesses .............................................................................. 5

    J. Scientific and Other Information ..................................................... 5

    K. Henthorn Material ............................................................................ 6

    L. Evidence of Bias or Motive to Lie ................................................... 6

    M. Impeachment and/or Exculpatory Evidence .................................... 6

    N. Statements Relevant to the Defense ................................................ 6

    O. Government Witnesses, Informants, and Cooperating Witnesses ... 6

    P. Bias by Government Witnesses, Informants, or Cooperating Witnesses ......................................................................................... 8

    Q. Evidence of Criminal Investigation of Any Government Witness .. 8

    R. Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling ........................................................ 8

    S. Witness Addresses ........................................................................... 9

| | T. | Names of Witnesses Favorable to Defendants................................................. 9 |
| | U. | Giglio Information and Agreements Between Government and Witnesses ........................................................................................................ 9 |
| | V. | Jencks Act Material ........................................................................................ 10 |
| | W. | Request Pursuant to Fed. R. Crim. P. 12(b)(4)(B) ......................................... 10 |
| | X. | Residual Request ............................................................................................ 10 |
| III. | | MOTION TO PRESERVE EVIDENCE ................................................................. 10 |
| IV. | | MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS ............................ 11 |

TABLE OF CONTENTS

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Adriana Isabel Camberos ("Ms. Camberos") and Andres Enrique Camberos ("Mr. Camberos") (collectively, "Defendants") were indicted on September 15, 2023, for one count of conspiracy to commit wire and mail fraud in violation of 18 U.S.C. §1349, eight counts of wire fraud in violation of 18 U.S.C. §§ 1342, 1343, and two counts of mail fraud in violation of 18 U.S.C. §§ 1341, 1342. *See* Dkt. 1. On September 20, 2023, Defendants were arraigned on the indictment and pled not guilty to all counts. *See* Dkt. 14. The Court set a motion hearing/trial setting date for October 23, 2023, at 2:00 p.m. The government provided Defendants with approximately 25,000 pages of written discovery on September 28, 2023. The government has represented that it will produce voluminous amounts of additional discovery obtained through search warrants and investigation. At this time, essential discovery is still outstanding.

## II.   MOTION TO COMPEL DISCOVERY

Defendants move for production of all discovery to which they are entitled under the United States Constitution, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and other applicable law. This request includes not just information in the government's possession, but all information that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *United States v. Bryan*, 868 F.2d 1032, 1040 (9th Cir. 1989). Under Rule 16 of the Federal Rules of Criminal Procedure, the government must disclose any information that "is material to preparing the defense." The Ninth Circuit has repeatedly emphasized that "Rule 16 . . . grants defendants a broad right to discovery." *See United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013); *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (same). Information is material if it is relevant to a possible defense, *id.*, and includes both inculpatory and exculpatory information. *See United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) ("Information that is not exculpatory or impeaching may still be relevant to developing a possible defense."). Even information that merely "causes a defendant to completely abandon a planned defense and take an entirely different path" must be disclosed under

Rule 16. *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (internal quotation marks omitted). With that in mind, Defendants move for the production of the following evidence:

### A. Defendants' Statements

The government must disclose to Defendants "the substance of any relevant oral statement made by [Defendants], before or after arrest, in response to interrogation by a person [Mr. or Ms. Camberos] knew was a government agent if the government intends to use the statement at trial." Fed. R. Crim. P. 16(a)(1)(A). The government must also disclose any relevant written or recorded statement by Defendants that is within the government's possession, custody, or control or which the attorney for the government knows – or through due diligence could know – exists. *Id*. at 16(a)(1)(B)(i). This includes "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if [Mr. or Ms. Camberos] made the statement in response to interrogation by a person [he] knew was a government agent." *Id*. at 16(a)(1)(B)(ii). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government's obligations under Rule 16(a)(1)(A) extend to all written records of relevant oral statements made by a defendant, whether or not the government intends to introduce the statements at trial.

Defendants specifically request all audio and videotaped copies of their statements and any notes pertaining to the substance of their statements. Defendants request that the government provide them with a court-certified transcript of any disc depicting all interrogation by any government agents. Furthermore, Defendants requests copies of all notes, Reports of Investigation, 302's, or any other memorialization of Defendants' interview by any government agents in connection with its investigation into the charged conduct.

### B. Arrest Reports, Notes, and Dispatch Tapes

Defendants also request the government to turn over all arrest reports, notes, dispatch or any other tapes and records that relate to the circumstances surrounding their arrest or any questioning. This request includes, but is not limited to, any rough notes, records,

reports, transcripts or other documents in which statements of Defendants are contained. Such material is discoverable under Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, and memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Defendants. *See* Fed. R. Crim. P. 16(a)(1)(B); Fed. R. Crim. P. 26.2.

### C. Brady Material

Defendants request all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt, or which affects the credibility of the government's witnesses and the government's case. Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Milke v. Ryan*, 711 F.3d 998, 1005 (9th Cir. 2013). Further, *Brady* requires that the government disclose any information that may result in a lower sentence under the United States Sentencing Guidelines – notwithstanding the Guidelines' advisory nature – or 18 U.S.C. § 3553(a), as it constitutes exculpatory and/or mitigating evidence. The *Brady* obligation extends to any such material in the possession of the government's investigative partners to which the government has ready access. *See United States v. Risha*, 445 F.3d 298, 304 (3d Cir. 2006).

### D. Defendants' Prior Record

Defendants request disclosure of their prior criminal record. Fed. R. Crim. P. 16(a)(1)(D). Defendants request that the government produce not only a "rap" sheet, but also copies of any documents in the possession, custody, or control of the government that relate to any prior convictions upon which the government intends to rely at trial or sentencing.

### E. Any Proposed 404(b) and 609 Evidence

Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b). In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid.

404(b) at trial. Defendants request the government "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (internal citations omitted); *see United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming *Mehrmanesh*). Defendant requests at least eight weeks' notice before trial of proposed 404(b) evidence to give the defense time to adequately investigate and prepare for trial.

### F. Evidence Seized

Defendants request production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E). In particular, Defendants request the opportunity to inspect all documents and electronic data retrieved from any computer, electronic database, internet resource, or network obtained from Tradeway International, Inc., d/b/a Baja Exporting, Specialty Foods International, Inc., or Baja Foodservice S.R.L. de C.V., or any of their agents, employees, representatives, or any person or entity acting on their behalf.

### G. Reports of Scientific Tests or Examinations

Defendants request disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing or laboratory analysis done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial. Fed. R. Crim. P. 16(a)(1)(F).

### H. Tangible Objects

Defendants request the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, data, fingerprint analyses, or copies of portions thereof, which are material to the defense, intended for use in the government's case-in-chief, or were obtained from or belong to

Defendants. Fed. R. Crim. P. 16(a)(1)(E); *see Doe*, 705 F.3d at 1150 ("Rule 16 . . . grants defendants a broad right to discovery.") Defendants specifically requests all audio and video recordings and color copies of all photographs and complete copies of in the government's possession as it is defense counsel's experience that black-and-white copies do not accurately depict the photographs retained by the government.

Defendants reiterate their request that the government disclose or allow Defendants to inspect all documents and electronic data retrieved from any computer, tablet, mobile cellular device, electronic database, internet resource, or network obtained from Tradeway International, Inc., d/b/a Baja Exporting, Specialty Foods International, Inc., or Baja Foodservice S.R.L. de C.V., or any of their agents, employees, representatives. or any person or entity acting on their behalf.

### I.   Expert Witnesses

Defendants request the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). The defense requests that notice of expert testimony be provided a minimum of two weeks prior to trial so the defense can properly prepare to address and respond to this testimony, including obtaining its own expert, investigating the opinions and credentials of the government's expert, and requesting a hearing in advance of trial to determine the admissibility of qualifications of any expert. See *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (explaining that trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony, and such determinations may require "special briefing or other proceedings").

### J.   Scientific and Other Information

Defendants request the results of any scientific or other tests or examinations conducted by any government agency or its subcontractors in connection with this case. *See* Fed. R. Crim. P. 16(a)(1)(F).

### K. Henthorn Material

Defendants request that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material, including but not limited to notes and records of complaints, demotions, and investigations. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."); *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991) ("The obligation [for the government] to examine the files arises by virtue of the making of a demand for their production."); *see also United States v. Jennings*, 960 F.2d 1488, 1489 (9th Cir. 1992) (holding that AUSA may not be ordered to personally conduct examination of records; appropriate government agency may review files and notify AUSA of contents as long as AUSA makes the determination regarding material to be disclosed).

### L. Evidence of Bias or Motive to Lie

Defendants request that the government produce any evidence that any prospective government witness is biased or prejudiced against Defendants or has a motive to falsify or distort his or her testimony.

### M. Impeachment and/or Exculpatory Evidence

Defendants request any and all exculpatory evidence and evidence that may be used for impeachment. *Brady*, 373 U.S. at 87.

### N. Statements Relevant to the Defense

Defendants request disclosure of any statement relevant to any possible defense or contention that he might assert in his defense.

### O. Government Witnesses, Informants, and Cooperating Witnesses

Defendants requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Defendants. The government must disclose the informant's identity and

location, as well as the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957) ("Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."); *United States v. Struckman*, 611 F.3d 560, 580 (9th Cir. 2010) (applying *Roviaro*). The government must disclose any information derived from informants which exculpates or tends to exculpate Defendants. *Brady*, 373 U.S. at 87.

Defendants specifically requests:

1. Plea agreements, deferred prosecution agreements, immunity agreements, or any other benefits conferred on, or perceived by government witnesses, or alleged co-conspirators.

2. Any false exculpatory statements by government witnesses or their counsel. This request is far broader than simply false denials by a witness when confronted by a government agent. In many instances in the jockeying for position before or during plea or immunity negotiations, attorneys for cooperating witnesses may make statements about their clients' activities that the government viewed as false or contradicted by the evidence. The attorneys' statements are attributable to their clients under an agency theory. Therefore, the AUSA's notes or other memorialization of the attorneys' statements containing the erroneous statements are producible.

3. Any false statements or inconsistent statements by government witnesses, or their counsel, relating to their activities in connection with the allegations set forth in the indictment, or with regard to any other activities that fell within the scope of the government's investigation.

4. All references to any government sentencing recommendation for any government witness.

5. All evidence relating to any efforts by any government witness to obstruct justice, or alter, hide or destroy documents.

      6.      All evidence relating to any crimes committed by any government witness, whether charged or uncharged.

      7.      All evidence of any false statements under oath by any government witness.

      8.      All evidence of any prior dishonest acts by any government witness that fall, or arguably fall, within Fed. R. Evid. 608.

      9.      Any government statements to a witness, or their counsel, indicating that the government contests or is displeased with any statement by that witness or information proffered by their counsel.

**P.    Bias by Government Witnesses, Informants, or Cooperating Witnesses**

Defendants request disclosure of any information indicating bias on the part of any government witness, informant, or cooperating witness. *See Giglio*, 405 U.S. at 154-55; *United States v. Bernal-Obeso*, 989 F.2d 331, 336 (9th Cir. 1993) (finding that critical lie by informant-witness was exculpatory and, as a result, discoverable under *Brady*). Such information includes, but is not limited to, any inducements, favors, payments or threats that were made to the witness in order to secure cooperation with the authorities.

**Q.    Evidence of Criminal Investigation of Any Government Witness**

Defendants request any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct.

**R.    Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**

Defendants request any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; all information relating to psychological or psychiatric counseling or examination of any government witness including the names of any care providers; and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic or had other chemical dependency.

**S.     Witness Addresses**

Defendants request the name and last known address of each prospective government witness be produced within ten days following the hearing scheduled for October 23, 2023. Defendants further request that the government disclose any additions to its witness list within five days of identifying any additional prospective government witnesses. Defendants also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

**T.     Names of Witnesses Favorable to Defendants**

Defendants request the name of any witness who made an arguably favorable statement concerning Defendants or who could not identify them or who was unsure of their identity or participation in the crime charged.

**U.     Giglio Information and Agreements Between Government and Witnesses**

Pursuant to *Giglio v. United States*, Defendants request all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment of government witnesses. 405 U.S. 150, 154-55 (1972).  Defendants also requests discovery regarding any other express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement, promise, or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution or any possible plea bargain, even if no bargain was made, or the advice not followed, and specifically includes any discussion with a potential witness regarding that witness's immigration status and/or any affect that the witness's statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status, including but not

limited to citizenship, nationality, a green card, border crossing card, parole letter, or permission to remain in the United States.

### V.    Jencks Act Material

Defendants request production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at trial to allow Defendants to review and investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness's interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see United States v. Boshell*, 952 F.2d 1101, 1005 (9th Cir. 1991) (concluding that agent's interview notes reviewed with interviewee are subject to Jencks Act). Given the anticipated amount of Jencks materials, to avoid unnecessary delay and continuance requests, Defendants request that the government produce Jencks material in the normal course of discovery production, and no later than eight weeks in advance of the motions *in limine* hearing set by the Court.

### W.    Request Pursuant to Fed. R. Crim. P. 12(b)(4)(B)

Defendants request notice, under Fed. R. Crim. P. 12(b)(4)(B), of the government's intent to use evidence in its case in chief so that they may have the opportunity to move to suppress such evidence.

### X.    Residual Request

Defendants intend by this discovery motion to invoke their rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Defendants request that the government provide them and their counsel with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## III.    MOTION TO PRESERVE EVIDENCE

Defendants specifically request that the government preserve all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the

government and which relates to the investigation, arrest, or the events leading to the arrest in this case. This request includes but is not limited to the results of any forensic download and/or analysis, any scientific testing, Defendants' personal effects and that of their alleged co-conspirators, and any other evidence seized from Defendants, their alleged co-conspirators, their employers, or any other third party.

## IV. MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel has incomplete discovery at this time. Accordingly, Defendants respectfully requests leave to file further motions based upon information gained through the discovery process.

Respectfully submitted,

Date: September 28, 2023    **BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: */s/ Daniel Z. Goldman*
    Daniel Z. Goldman
    *Attorneys for Andres Enrique Camberos*

Date: September 28, 2023    **Law Offices of Joseph M. McMullen**

By: */s/ Joseph M. McMullen*
    Joseph M. McMullen
    *Attorneys for Adriana Isabel Camberos*