AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| ADRIANA ISABEL CAMBEROS (1) aka Adriana Shayota | Case Number: 23-CR-01916-BAS |
| | TIMOTHY A. SCOTT |
| | Defendant's Attorney |

**USM Number** 50259-298

☐ –

THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☒ was found guilty on count(s)   1, 2, 4, 6-10 OF THE SECOND SUPERSEDING INDICTMENT
    after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1349;18:981(a)(1)(C),982(a)(1),982(b); 28:2461(c) - Conspiracy To Commit Wire and Mail Fraud; Criminal Forfeiture | 1 |
| 18:1343;18:2;18:981(a)(1)(C),982(a)(1),982(b); 28:2461(c) - Wire Fraud; Aiding and Abetting; Criminal Forfeiture | 2 |
| 18:1343;18:2;18:981(a)(1)(C),982(a)(1),982(b); 28:2461(c) - Wire Fraud; Aiding and Abetting; Criminal Forfeiture | 4 |
| 18:1343;18:2;18:981(a)(1)(C),982(a)(1),982(b); 28:2461(c) - Wire Fraud; Aiding and Abetting; Criminal Forfeiture | 6-10 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)   11- 13 OF THE SECOND SUPERSEDING INDICTMENT

☒ Count(s)   UNDERLYING ON GOVERNMENT MOTION AND 3, 5, 14, AND 15-28 RULE 29 GRANTED   on 10/23/24 and dismissed on the motion of the Defendant.

☒   Assessment : $800.00 ($100 PER COUNT)

☐   JVTA Assessment*: $

   *Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒   No fine     ☒ Forfeiture pursuant to order filed   6/30/2025  , included herein.

   IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

JUNE 26, 2025
Date of Imposition of Sentence

*[signature]*
HON. CYNTHIA BASHANT
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | |
|---|---|
| DEFENDANT: ADRIANA ISABEL CAMBEROS (1) | Judgment - Page **2** of **6** |
| CASE NUMBER: 23-CR-01916-BAS | |

# **IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
COUNTS ONE (1), TWO (2), FOUR (4), SIX (6), SEVEN (7), EIGHT (8), NINE (9), AND TEN (10): TWELVE (12) MONTHS AND ONE (1) DAY AS TO EACH COUNT WITH EACH COUNT TO RUN CONCURRENT TO EACH OTHER FOR A TOTAL OF TWELVE (12) MONTHS AND ONE (1) DAY.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
- PLACEMENT DESIGNATION TO WESTERN REGION OF THE UNITED STATES AT FCI VICTORVILLE OR PHOENIX TO FACILITATE FAMILY VISITS

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at _____ A.M. on _____
  ☐ as notified by the United States Marshal.

☒ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☒ on or before 8/26/2025 BY 12:00PM (NOON)
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# **RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

23-CR-01916-BAS

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ADRIANA ISABEL CAMBEROS (1) | Judgment - Page **3** of **6** |
| CASE NUMBER: | 23-CR-01916-BAS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of: COUNTS ONE (1), TWO (2), FOUR (4), SIX (6), SEVEN (7), EIGHT (8), NINE (9) AND TEN (10): THREE (3) YEARS EACH COUNT TO RUN CONCURRENT TO EACH OTHER FOR A TOTAL OF THREE (3) YEARS.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☒ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ADRIANA ISABEL CAMBEROS (1) | Judgment - Page **4** of **6** |
| CASE NUMBER: | 23-CR-01916-BAS | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer. Defendant may communicate with her brother.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. Intentionally Omitted.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

23-CR-01916-BAS

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ADRIANA ISABEL CAMBEROS (1) | Judgment - Page **5** of **6** |
| CASE NUMBER: | 23-CR-01916-BAS | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation.

5. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

6. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

//

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

DEFENDANT:     ADRIANA ISABEL CAMBEROS (1)                                    Judgment - Page **6** of **6**
CASE NUMBER:   23-CR-01916-BAS

## RESTITUTION

The defendant shall pay restitution in the amount of   $48,824,415.45   unto the United States of America.

Pay restitution in the amount of $48,824,415.45 to through the Clerk, U. S. District Court. Payment of restitution shall be forthwith. During any period of incarceration the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during his supervised release at the rate of $500 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment. Restitution shall be joint and several with co-Defendant Andres Enrique Camberos.

Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

| **Victim** | **Amount** |
|---|---:|
| B&G Foods, Inc. | $3,000,000.00 |
| BrandStorm Inc. | $538,263.46 |
| Desert Creek Honey LLC | $73,529.74 |
| The Foreign Candy Company, Inc. | $283,597.00 |
| The Hain Celestial Group, Inc. | $6,132,434.96 |
| Lifeway Foods, Inc. | $2,539,904.48 |
| Ghirardelli Chocolate Company | $8,577,838.52 |
| Wehah Farm, Inc. d/b/a Lundberg Family Farms | $184,166.29 |
| Mars Wrigley Confectionery US, LLC | $21,778,666.90 |
| Marukan Vinegar (USA) Inc. | $373,880.98 |
| Navitas LLC | $979,677.50 |
| Orgain, LLC | $858,250.00 |
| Sabor Mexicano Inc | $377,056.00 |
| SuckerPunch Gourmet, LLC | $74,563.66 |
| Stonewall Kitchen Inc. | $120,139.50 |
| Sunwarrior LLC | $1,185,432.75 |
| Tender Corporation | $1,464,750.48 |
| True Made Foods, Inc. | $17,802.42 |
| Unique Pretzel Bakery, Inc. | $264,460.81 |
| **Total** | **$48,824,415.45** |

The Court has determined that the defendant   does not   have the ability to pay interest.